IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLTON SHAINE POWELL,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC HOLDER, Warden,<br><br>    Respondent. | No. C 12-3401 WHA (PR)<br><br>**ORDER OF TRANSFER** |

        Petitioner is detained in the Etowah County Jail in Gadsden, Alabama, pursuant to an order of removal by the Department of Immigration and Customs Enforcement. The removal order was affirmed by the Bureau of Immigration Appeals and is being reviewed by the United States Court of Appeals. He has filed a habeas petition under 28 U.S.C. 2241 challenging the removal order.

        Although this court may have jurisdiction to hear a petition, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973), "venue considerations may, and frequently will, argue in favor of adjudication of the habeas claim in the jurisdiction where the habeas petitioner is confined," *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988); *see also McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976) ("Once the custodian of the petitioner is properly served, the question is no longer jurisdictional, but one of the most convenient forum for litigation."); 1 J. S. Liebman, *supra*, 10.2(d) at 141 ("Personal jurisdiction is only the first 'proper forum' hurdle the petitioner must clear."). Transfer of a petition to another district court may therefore be in order on grounds of convenience. *Braden*, 410 U.S. at 499 n.15.

Federal courts generally take the position that the district of confinement "is normally the forum most convenient to the parties," *McCoy*, 537 F.2d at 966, and therefore exercise discretion in transferring petitions to the district of confinement "in the interests of justice" pursuant 28 U.S.C. 1404(a). *Ibid.*; *see also Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even where district court has personal jurisdiction over custodian, preferred forum is district where petitioner is confined). A transfer to the district of confinement on convenient forum grounds is therefore preferable as long as no undue delay is created. *Chatman-Bey*, 864 F.2d at 814.

Etowah County is located within the venue of the Northern District of Alabama. Because petitioner is confined in the Northern District of Alabama, this case is **TRANSFERRED** to the United States District Court for the Northern District of Alabama. *See* 28 U.S.C. 1404(a).

The clerk shall transfer this matter forthwith.

**IT IS SO ORDERED.**

Dated: October  10 , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\POWELL3401.TRN.wpd

2